IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ CHRISTOPHER GUPTA,

        Plaintiff,        No. 2:12-cv-1693 GGH P

    vs.

MATTHEW CATE, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Because plaintiff had not filed an in forma pauperis affidavit or paid the required filing, see 28 U.S.C. §§ 1914(a), 1915(a), plaintiff was directed, within thirty days, by order filed on July 17, 2012, either to provide an affidavit in support of his request to proceed in forma pauperis or to submit the appropriate filing fee.

        Plaintiff submitted, on July 23, 2012, a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

1  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
2  U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee
3  in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will
4  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
5  and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly
6  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
7  account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
8  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
9  U.S.C. § 1915(b)(2).
10  The court is required to screen complaints brought by prisoners seeking relief
11  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
12  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
15  U.S.C. § 1915A(b)(1),(2).
16  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
19  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
20  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
21  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22  Cir. 1989); Franklin, 745 F.2d at 1227.
23  A complaint must contain more than a "formulaic recitation of the elements of a
24  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
25  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
26  "The pleading must contain something more...than...a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendants Matthew Cate, Scott Kernan, Terri McDonald, George Giurbino, Fred Figueroa, Roger Blackshear, R. Barton, A. Perez, Dalinda Harman,[1] D. Huser, M. Williams, K. Pool and J.D. Lozano on his Eighth Amendment claim of a deprivation of outdoor exercise since October 11, 2011, and on his claim of a violation of his Fourteenth Amendment equal protection rights by a discriminatory lockdown policy, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Plaintiff, a state prisoner, housed in an out-of-state facility, claims that he has been subjected to a lockdown since October 11, 2011, depriving him of outdoor exercise and has further alleged that he has been subjected to a prolonged lockdown predicated solely on his ethnic/racial identity. To this extent, plaintiff's claims are colorable. See Complaint.

However, plaintiff also alleges a due process violation by imposition of a "P-code" classification by defendants Walls, Roacho and Brooks pursuant to a unit classification

---

[1] Also alternatively spelled by plaintiff as "Harmon."

3

annual review. Plaintiff claims that he has thereby been subjected to an "atypical and significant hardship in relation to the ordinary incidents of prison life," by having been thereby deprived of a transfer to a fire camp. Plaintiff claims that he was wrongfully subjected to this classification because he was convicted in 2010 of a nonserious/nonviolent drug offense and because the basis for the "illegitimate P-Code for violence exclusion" was a twenty-year old (1992/1993) prior conviction which was stricken by the trial judge at sentencing his August 2010 sentencing. Plaintiff claims that he has not been provided a copy of three one-page documents in his C-file, including the Aug. 20, 2010, Superior Court abstract of judgment and minute order, in violation of a prison regulation and depriving him of his ability to present his case for fire camp housing. He also alleges that defendants Walls and Roacho lied in the Sept. 14, 2011, UCC classification chrono in saying that he (plaintiff) "was in agreement with this committee's decision." Plaintiff concedes on the other hand that "defendants could reply on the aggravated circumstances of [the] 1992 case as a basis for imposing a VIO P-code upon plaintiff...." plaintiff contends that the "aggravated nature of a crime does not in and of itself provide some evidence of current dangerousness...." Plaintiff points to a number of programs in which he has participated in and completed, such as anger management, subsequent to the 1992 case. Complaint, pp. 33-41.

A prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections). Thus, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompased by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct.

4

2532, 2538 (1976).  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984) (allegation that prison guard planted false evidence in retaliation for prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided).  Nor is it enough for plaintiff to allege that being denied a "P-code" classification in and of itself subjects him to "an atypical and significant hardship."  Plaintiff's claims of a due process violation in the imposition of the "P-code" classification status upon him against defendants Walls, Vaca, Brooks, Harman, Huser, Roacho, Williams, Pool, Lozano and Cate will be dismissed.  Plaintiff will, however, be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Warden of North Fork Correctional Facility filed concurrently herewith.

3. Plaintiff's claims of a due process violation in the imposition of the "P-code" classification status upon him are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants and/or claims be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: September 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
gupt1693.b1