UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ CHRISTOPHER GUPTA,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | No. 2:12-cv-1693 AC P<br><br><br>**AMENDED** ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Plaintiff has filed a request for the defendants to be able to provide the addressed of the remaining unserved defendants, Barton and Blackshear, under seal. ECF No. 36. Attached to the request is a response from counsel for those defendants who have been served to plaintiff's request for discovery of the unserved defendants' last known addresses. In that letter, counsel indicated willingness to provide the addresses to the court if plaintiff seeks an order permitting them to be filed under seal. Id. at Exh. B. In response to plaintiff's request, defendants state that they can provide the last known addresses of the former correctional officers but request that the addresses be ordered filed under seal. ECF No. 37. Neither plaintiff nor the defendants have complied with the procedures for requesting a sealing order from the court. See L.R. 141. The request to seal will be denied; however, the court will direct that the Clerk of the Court provide the USM-285 forms for defendants Blackshear and Barton, which plaintiff has returned to the court, to

1

defendants' counsel.  Defendants' counsel must fill in the addresses for these individuals and return the forms to the court for the U.S. Marshal to effect service of process.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to have defendants Blackshear and Barton served at their last known address as provided by defendants' counsel (**ECF No. 36**) is granted on the terms that follow;

2. Plaintiff's and defendants' requests (**ECF Nos. 36, 37**) for the addresses to be filed under seal will be denied for the parties' failure to comply with the applicable rule for seeking a sealing order.  See L.R. 141;

3. Defendants' counsel need not file the addresses; instead, the Clerk of the Court is directed to provide defendants with the USM-285 forms returned by plaintiff for service of defendants Blackshear and Barton;

4. Counsel for defendants is then directed to fill in the last known addresses for those defendants and return the forms to the court forthwith so that the U.S. Marshal may be directed to serve the complaint upon them.

DATED: November 22, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
gupt1693.ord2